THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In Re:                                                       CHAPTER 13
DOUGLAS JUDE STAIRS                    CASE NO:  02–28453 MER
Debtor.

MOTION FOR EXPEDITED HEARING
REGARDING THE DEBTOR'S ELIGIBILITY FOR CHAPTER 13

       COMES NOW, the Standing Chapter 13 Trustee, by and through her undersigned counsel, and requests this Court to set an expedited hearing regarding the Debtor's eligibility for Chapter 13 Bankruptcy pursuant to 11 U.S.C. §109(g), stating:

1. The Trustee requests an expedited hearing to determine whether the Debtor is eligible for Chapter 13 Bankruptcy.  A hearing may avoid irreparable harm to the Debtor and/or bankruptcy estate because significant estate property will either need to be preserved or possibly liquidated by January 15, 2004.  Debtor's counsel agrees that this matter should be immediately addressed due to the factors set out below.

2. This case was originally filed as a Chapter 7 Bankruptcy on November 13, 2002.  The case was converted to Chapter 13 on June 23, 2003.

2. Before the case was converted, the Chapter 7 Trustee filed a Complaint, (Adv. Proceeding Number 03-1260), which alleged that the Debtor had fraudulently transferred his interest in a residential home to his spouse, Lisa Stairs.  In connection with that Complaint, the attorney for the Chapter 7 Trustee filed a lis pendens against the real estate in question.

3. On August 8, 2003, the Honorable A. Bruce Campbell entered an "Order on Plaintiff's Motion for Abeyance" which stated that the Adversary Proceeding would be held in abeyance pending a re-conversion of the case to a Chapter 7 Bankruptcy.  Due to the conversion to Chapter 13 and subsequent abeyance, the lis pendens has not been removed from the property.

4. The Debtor has reached a settlement with his primary creditor, BSB Leasing.  The settlement involves the refinance of the residential property which was transferred to Lisa Stairs by the Debtor and is now titled solely in Lisa Stair's name.  The recorded lis pendens clouds the title and prevents the refinance which is currently scheduled for January 15, 2004.

5. Lisa Stairs has filed a "Defendant's Motion to Dismiss Adversary Proceeding and for Order Releasing Lis Pendens" in the Adversary Proceeding which sets forth the specific details of the settlement. It is unclear whether the Chapter 7 Trustee or the Chapter 13 Trustee has the standing to address the retention or removal of the lis pendens.

6. The Debtor has also filed a "Debtor's Motion to Dismiss Bankruptcy Case" with a 202 deadline of January 12, 2003. The Chapter 13 Trustee will be objecting to the Debtor's motion and will assert that a re-conversion to Chapter 7 Bankruptcy is in the best interest of the creditors.

7. The determination of whether the Debtor is eligible to Chapter 13 is fundamental to the validity of the conversion to Chapter 13, the parties' standing in relationship to the Adversary Proceeding and the Debtor's immediate course of action.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court set an expedited hearing on this matter.

January 5, 2004				Respectfully submitted,


/s/ Taya Sweeden
Taya Sweeden, #28794
Attorney for Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201
(303) 830-1971; (303) 830-1973 Fax
tpowers@ch13colorado.com

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Motion was placed in the U.S. Mail, postage prepaid on <u>January 5, 2004</u> addressed as follows:

John A. Cimino
925 E. 17th Avenue
Denver, CO 80218-1407

Virginia Dalton
730 17th Street, Suite 650
Denver, CO 80202

John Dudgeon
7180 W. 14th Ave.
Lakewood, CO 80214

Harold Hurst
PO Box 416
Kiowa, CO 80117

Douglas Stairs
40435 C.R. 21
Elizabeth, CO 80107

(John Cimino, John Dudgeon and Virginia Dalton also received copies via facsimile)

<u>/s/ Chapter 13 Staff Member</u>
Chapter 13 Staff Member